B. FLOERSHEIM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 15565, 29039.   Promulgated October 30, 1928.

*B. Floersheim* pro se.
*L. A. Luce, Esq.,* for the respondent.

OPINION.

MURDOCK: The petitioner contends that for the year 1921 he is entitled to a deduction of $25,000 under section 214 (a) 11 of the Revenue Act of 1921. He identified a voucher which was introduced in evidence without objection. We are unable to understand exactly the purpose of the voucher. From it we judge that the petitioner did business as B. Floersheim & Co. The voucher is to the Pauline Floersheim Trust Co. in the amount of $25,000 and refers to check No. 6982. Check 6982 is the one drawn by the petitioner for $25,000 to the Pauline Floersheim Trust set forth above. Attached to the voucher is a typewritten statement as follows:

Contribution of $25,000.00 Made to or for the use of Passavant Hospital, Pittsburgh, Pennsylvania, or a similar institution, under the provision of Section 214, Paragraph 11, Revenue Act of 1921, and to be known as the Pauline Floersheim Trust.

APPROVED:

By [signed] B. FLOERSHEIM.

We have not been told of the use to which this voucher and the writing which accompanied it was put, but apparently it was only used for the purpose of keeping the petitioner's records and was always in his possession and control.

It is clear from the evidence that the petitioner paid no part of the $25,000 in the year 1921. While his check was dated December 31, 1921, it was in his possession until March 1, 1922, when he deposited it in a new account in the Farmers Deposit National Bank, which account was designated Pauline Floersheim Trust, but against which he alone was authorized to draw checks. His offer of $25,000 to the Passavant Hospital was never accepted by the latter institution, but on the contrary was rejected in the year 1922. The uses to which the money in the bank account were put have been set out above. The money was under the petitioner's exclusive control. So far as we can see he could have done with it as he saw fit. No trust resulted from his acts or writings in connection with the $25,000 in question.

The petitioner has not shown us whether his books were kept and his income-tax returns made on a cash receipts and disbursements basis or on an accrual basis, but regardless of which method was used, the petitioner is not entitled to deduct the $25,000 in the year 1921 under section 214 (a) 11 of the Revenue Act of 1921. Furthermore, the Commissioner was not in error in including in the petitioner's income the interest credited to the bank account in which

this $25,000 was deposited. Those being the only questions presented for our consideration,

*Judgment will be entered for the respondent.*